# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Phillips and Jordan, Inc., ) | |
| ) | Civil Action No.: 5:18-cv-00559-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| McCarthy Improvement Company and ) | |
| Western Surety Company, ) | |
| Defendants. ) | |

This matter is before the court upon a Motion to Alter Judgment by Defendants McCarthy Improvement Company ("MCI") and Western Surety Company ("WSC") (collectively, "Defendants"). (ECF No. 172.) Plaintiff Phillips and Jordan, Inc. ("P&J") has filed a Response opposing the Motion (ECF No. 177), to which Defendants replied (ECF No. 183). For the reasons below, the court **GRANTS** Defendants' Motion to Alter Judgment. (ECF No. 172.)

## I. FACTUAL BACKGROUND[1]

This case arises from a contract dispute between Plaintiff and Defendants. MCI hired P&J as a subcontractor to perform work on a highway construction project in Orangeburg, South Carolina ("Project"). (ECF Nos. 1 at 2; 1-3 at 1.) MCI entered into a payment bond agreement with WSC, making Defendants jointly and severally liable for the Project's construction. (ECF No. 1-2 at 1-4.) After problems arose on the Project, P&J brought several claims related to a breach of contract against Defendants. (*See* ECF No. 1.)

---

[1] Additional background on this matter is available in the court's prior Trial Order and Opinion. (ECF No. 167.)

1

In late 2019, the court conducted a several weeks-long bench trial that concluded on January 31, 2020. (ECF Nos. 132-133, 135-137, 141-142, 144-145, 149-153.) Ultimately, the court found in favor of Plaintiff on its claims for (1) Breach of Contract, (2) Violation of South Carolina's Prompt Pay Act, (3) Recovery of Attorneys' Fees and Interest for Improvement of Real Estate, and (4) Breach of Payment Bond against MCI, as well as (1) Recovery of Attorneys' Fees and Interest for Improvement of Real Estate and (2) Breach of Payment Bond against WSC. (ECF No. 167 at 61.) The court awarded a total of three million, three hundred forty-four thousand, one hundred seventy-four dollars, and sixty cents ($3,344,174.60) to Plaintiff in damages. (*Id.* at 61-62.) The court also ordered Plaintiff to "submit evidence in post-judgment motions as to the amount of attorneys' fees, costs, and interest requested" pursuant to the Joint Stipulation regarding Recovery of Attorneys' Fees and Interest for Improvement of Real Estate. (*Id.* at 62 (citing ECF No. 131 at 1-2).)

Defendants filed the instant Motion to Alter Judgment in October 2020, claiming the court made several errors related to Plaintiff's damages award as well as Plaintiff's entitlement to attorneys' fees and interest. (ECF No. 172.) Plaintiff filed a Response in Opposition (ECF No. 177), to which Defendants entered a Reply (ECF No. 183).

## II. LEGAL STANDARDS

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *See Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).

At issue is whether the court committed a clear error of law or manifest injustice. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]" *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012) (citations omitted).

Ultimately, the decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Melendez v. Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

### III. ANALYSIS

In the instant Motion to Alter Judgment, Defendants claim the court erred in four ways: (1)

Plaintiff stipulated in open court that Defendants were entitled to withhold 1% of the contract amount, which this court did not consider in its damages award (ECF No. 172-1 at 2-4); (2) the parties stipulated they would present all evidence of liability for attorneys' fees during trial, present evidence of the amount of fees after judgment, and "reserve arguments on attorney's fees for post-judgment resolution," yet the court prematurely decided Plaintiff was entitled to attorneys' fees without hearing the parties' arguments (ECF No. 183 at 2-3); (3) relatedly, the court erroneously concluded Plaintiff was entitled to attorneys' fees after misapplying a South Carolina statute (ECF No. 172-1 at 5-14); and (4) the court improperly awarded Plaintiff interest (*id.* at 14-16).

In response, Plaintiff concurs with the stipulation withholding 1% of the contract amount, but quibbles with Defendants' calculation of this figure. (ECF No. 177 at 3-4.) Plaintiff further insists the court did not prematurely decide Plaintiff was entitled to attorneys' fees, as the parties' stipulation stated that "liability for attorneys['] fees should be addressed through proof *and argument at trial*." (*Id.* at 4-5 (citing (ECF No. 131 ¶ 3) (emphasis added)).) Similarly, Plaintiff posits the court correctly decided Plaintiff is entitled to attorneys' fees. (ECF No. 177 at 6-10.) Lastly, while Plaintiff does not concede the issue of an interest award, it contends the court could alternatively calculate an interest award under S.C. Code Ann. § 27-1-15 (West 2021), which would involve applying a lower interest rate. (ECF No. 177 at 10-12.) The court examines each issue in turn.

*(1) Stipulation Withholding 1% of the Contract Amount*

The text of the agreement between P&J and MCI states that

> The SUBCONTRACTOR shall provide to CONTRACTOR a payment and performance bond, acceptable to CONTRACTOR, in an amount equal to SUBCONTRACTOR'S contract dollar amount. Should the SUBCONTRACTOR not be required to provide a payment and performance bond, the CONTRACTOR **shall retain one percent (1%) of the total compensation due to the Subcontractor under the terms of this Agreement**, which 1% so retained by the

4

> CONTRACTOR shall represent the SUBCONTRACTOR'S proportionate share of payment of CONTRACTOR'S costs for Bond and Association dues incurred by the CONTRACTOR for the construction project referred to herein.

(ECF No. 157 (Pl. Ex. No. 30 at 3).) Relatedly, Plaintiff's counsel made the following stipulation during the cross-examination of P&J's Vice President at trial:

> To speed this along a little bit if you'd like, and if McCarthy is in agreement, I've consulted with Mr. McMullen and we'll stipulate that the -- for the final claim analysis, the 1 percent can be deducted from the amount of our contract as provided in Article Three.

(ECF No. 172-2.)

Defendants stress the 1% withholding figure should derive from the sum of the amount MCI previously paid P&J and the court's award of damages. MCI states it paid P&J $4,986,876.52, and the court found P&J was owed an additional $3,344,174.60, for a total amount of $8,331,051.12. (ECF No. 172-1 at 3.) One percent of this total figure is $83,310.51. By contrast, P&J claims the total $8.3 million amount above should be reduced by $882,517.00 before calculating the 1% withholding figure, because such damages represent the "inefficiency impact" of MCI's conduct, which is an "equitable component" rather than "a species of contract damages." (ECF No. 177 at 3-4.) Using this reduced total figure, Plaintiff asserts the 1% withholding calculation would equal $74,458.34. (*Id.* at 4.)

Here, the court finds $83,310.51 shall be deducted from the amount owed by Defendants to P&J. This figure represents 1% of the total compensation due under the terms of the agreement. Although Plaintiff insists the total contract amount should be reduced by $882,517.00 because it was an "equitable component" of the damages, the court finds this contention without merit. The court specifically found "that MCI breached the Subcontract by directing P&J to work in an inefficient manner on the . . . Project" and awarded $882,517.00 "in inefficient impact costs." (ECF No. 167 at 42, 61-62.) The damages awarded arose from a breach of contract, which in turn

5

comprised part of the "total compensation" due under the agreement.[2] Accordingly, the court's prior judgment shall be reduced by $83,310.51.

*(2) Stipulation Concerning Attorneys' Fees*

Next, the court turns to whether it prematurely found Plaintiff was entitled to attorneys' fees based upon the parties' pretrial stipulations. On the eve of trial in December 2019, the parties filed a document containing several joint stipulations related to an award of attorneys' fees. (ECF No. 131.) In relevant part, "[t]he [p]arties agree[d] that evidence of each parties' liability for attorney fees should be addressed through proof and argument at the trial of this matter commencing December 2, 2019." (*Id.* at 1.) Moreover, the parties further

> request[ed] that the [c]ourt defer ruling on any issues as to the entitlement and amount of attorney fees and defer the presentation of proofs regarding the amount of attorney fees incurred by either [p]arty, including the reasonableness of attorney fees, until after the conclusion of the trial and the Court's entry of its judgment on the parties' contract and bond claims, other than those related to attorney fees. The parties request[ed] that only evidence as to the amount of attorney fees incurred or requested be addressed by post-judgment motions, including post-trial hearings if the Court so wishes.

(*Id.* at 1-2.) Relatedly, MCI points out that, during the drafting process of the stipulations, Plaintiff's counsel represented by email that

> the intent is to [defer] any ruling on attorney[s'] fees until after its entry of judgement [sic] on the merits of the underlying claims. **The court would then address, post judgment, any legal arguments as far as entitlement** based upon the existing record with the ability to submit evidence only as the amount and reasonableness of any such request. I think the tracked change clarifies that is the parties['] intent.

(ECF No. 183 at 3 (citing ECF No. 183-4 at 1).)

Here, the court shall reexamine Plaintiff's request for attorneys' fees and "consider the

---

[2] The court further notes that it barred Plaintiff's attempt to reassert an unjust enrichment claim for relief in the Trial Order. (ECF No. 167 at 46.)

matter afresh," as Defendants suggest. (ECF No. 183 at 3.) As the parties have fully briefed the issue of attorneys' fees as part of the instant Motion to Alter Judgment, the court reviews this matter below.[3]

*(3) Plaintiff's Entitlement to Attorneys' Fees*

The parties vigorously dispute whether S.C. Code Ann. § 27-1-15 (West 2021) entitles Plaintiff to attorneys' fees. MCI claims it does not, stressing that all elements of proof have not been met under the statute, and explaining such elements are more involved than a simple breach of contract or failure to pay claim. (ECF No. 172-1 at 5-6.) Specifically, MCI posits that the statute requires proof of additional elements that the court did not address nor consider in its Trial Order, including that Plaintiff was required to present prima facie evidence showing Defendants conducted an unfair or unreasonable investigation into P&J's demands for payment. (*Id.* at 11.) Plaintiff counters that MCI is "misappl[ying] the statute[] by attempting to create a procedural requirement that simply does not exist[.]" (ECF No. 177 at 6.) Plaintiff observes it otherwise met the statutory requirements of § 27-1-15 and is entitled to attorneys' fees. (*Id.* at 7-10.)

The South Carolina statute at issue contains three requirements relevant to this action: (1) a contractor or similar entity—here, Plaintiff—must first send a demand for payment that meets the statute's requirements. S.C. Code Ann. § 27-1-15 (West 2021). (2) The person receiving the demand—here, Defendants—must then reasonably and fairly investigate the claim and pay what is owed within forty-five days of the demand's mailing date. *Id.* (3) If Defendants do not "fair[ly] investigat[e]" or "otherwise unreasonably refuse to pay the claim," they are "liable for reasonable

---

[3] In its Response, Plaintiff states that "[t]he [p]arties stipulated to present all evidence and argument regarding liability for fees at trial. There is no more argument or evidence that can be or need be had on the subject." (ECF No. 177 at 10.)

attorney's fees and interest[.]"[4] *Id.*

At step two, South Carolina courts have concluded that "[t]he party seeking an award of attorney's fees and interest under the statute has the initial burden of presenting prima facie evidence that the opposing party did not make a fair and reasonable investigation." *Hardaway Concrete Co. v. Hall Contracting Corp.*, 647 S.E.2d 488, 495 (S.C. Ct. App. 2007) (citing *Moore Elec. Supply, Inc. v. Ward*, 450 S.E.2d 96, 100 (S.C. Ct. App. 1994)); *Eldeco, Inc. v. Skanska USA Bldg., Inc.*, No. 2:05-CV-2329-PMD, 2007 WL 9735185, at *3 (D.S.C. Mar. 26, 2007). This inquiry is a question of fact. *Spriggs Grp., P.C. v. Slivka*, No. 2013-UP-497, 2013 WL 10343401, at *6 (S.C. Ct. App. Feb. 6, 2013). Additionally, the court is bound to strictly construe the statute at issue. *Belton v. State*, 529 S.E.2d 4, 5 (S.C. 2000) ("A statute allowing attorney[s'] fees is in derogation of the common law and must be strictly construed.").

Here, the court finds Plaintiff is not entitled to an attorneys' fee award under § 27-1-15 because P&J wholly failed to meet its "initial burden of presenting prima facie evidence that the opposing party did not make a fair and reasonable investigation." *Hardaway Concrete Co.*, 647 S.E.2d at 495. Plaintiff "could have used discovery to ascertain the scope of [Defendants']

---

[4] The South Carolina statute at issue reads in full that:

> Whenever a contractor, laborer, design professional, or materials supplier has expended labor, services, or materials under contract for the improvement of real property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand. If the person fails to make a fair investigation or otherwise unreasonably refuses to pay the claim or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand.

S.C. Code Ann. § 27-1-15 (West 2021).

investigation and presented the evidence to the trier of fact to determine whether the steps taken were 'reasonable and fair.'" *Moore Elec. Supply, Inc.*, 450 S.E.2d at 100. As Plaintiff provided insufficient "evidence on this issue, it failed to bear its burden of proof." *Id.*

Plaintiff does not respond to its failure to present prima facie evidence of an unfair or unreasonable investigation. Instead, Plaintiff appears to skip step two altogether and insists that MCI unreasonably refused to pay P&J, claiming such a refusal justifies an award of attorneys' fees under § 27-1-15. (ECF No. 177 at 7-10.) Yet the court is not persuaded. Plaintiff's theory discards binding South Carolina precedent—without any attempt at distinguishing relevant case law—and removes a requirement of § 27-1-15 for no other apparent reason than to make it easier to obtain attorneys' fees under the statute.[5] Based on the record, the court cannot state that Defendants' investigation into Plaintiff's demands for payment was unreasonable or unfair.[6] *See also Carolina Steel Corp. v. Palmetto Bridge Constructors*, 444 F. Supp. 2d 577, 587 (D.S.C. 2006) ("The fact that the court later found against Defendants in certain particulars does not imply that Defendants' investigation and resulting decisions were unreasonable or unfair.") Accordingly, the attorneys' fees provision within § 27-1-15 is inapplicable.[7]

*(4) Award of Interest*

Lastly, the court examines its finding that Plaintiff was entitled to an award of interest. Defendants posit that Plaintiff failed to provide statutory notice concerning the South Carolina Prompt Pay Act ("PPA") in its periodic pay applications to MCI, thus stripping P&J of any

---

[5] Tellingly, Plaintiff cites to no case law in support of this theory. (*See* ECF No. 177 at 6-10.)
[6] The record is sparse as to the level of investigation conducted by Defendants, reflecting WSC at one point sought additional information in response to Plaintiff's demand for payment. (ECF No. 172-8 at 75-78.) MCI also met with Plaintiff "to discuss dirt costs and liquidated damages," and offer four different settlement options for Plaintiff's consideration. (ECF No. 167 at 25.)
[7] The court does not reach Defendants' remaining arguments regarding whether Plaintiff otherwise complied with § 27-1-15.

9

entitlement to interest under S.C. Code Ann. § 29-6-50 (West 2021). (ECF No. 172-1 at 14-16.)

Plaintiff counters that Defendants seek to avoid paying interest on their late payments simply because Plaintiff "failed to include boilerplate language in its pay requests referencing the PPA." (ECF No. 177 at 10.) Plaintiff claims it at least provided such notice "when it filed its Complaint on February 27, 2018," and that, regardless, MCI "was on notice of its wanton and baseless failure to pay P&J for work actually performed." (*Id.* at 10-11.) In any event, Defendants insist the court may alternatively award interest under S.C. Code Ann. § 27-1-15 (West 2021), alleging the statute does not require notice. (ECF No. 177 at 11.)

By South Carolina statute, subcontractors are entitled to interest on payments that are "delayed by more than twenty-one days" so long as "the person being charged interest has been notified of the provisions of this section at the time request for payment is made." S.C. Code Ann. § 29-6-50 (West 2021). A failure to provide notice is fatal to a claim for interest under this section. *See EllisDon Const., Inc. v. Clemson Univ.*, 707 S.E.2d 399, 401 (S.C. 2011) ("Appellant had a legal remedy for collecting interest—it needed only to meet the requirements of [§] 29-6-50 to be entitled to interest. A party failing to fulfill the requirements of its legal remedy cannot later come to the courts complaining of hardship, seeking an equitable remedy.") An interest award is alternatively available under § 27-1-15, as explained *supra*.

Here, the court finds Plaintiff is not entitled to an interest award. Plaintiff did not provide the required notice in its pay applications to MCI in order to obtain interest under § 29-6-50. It is irrelevant that MCI may have been on notice due to its "wanton and baseless failure to pay" or received noticed when Plaintiff filed the Complaint, as the statute mandates that Plaintiff was required to notify MCI "of the provisions of this section" at the time it submitted its requests for payment. S.C. Code Ann. § 29-6-50 (West 2021). Plaintiff's failure to do so precludes an interest

10

award under § 29-6-50. *See EllisDon Const., Inc.*, 707 S.E.2d at 401. Likewise, the interest provision of § 27-1-15 is inapplicable for the same reasons Plaintiff is not entitled to an attorneys' fees award under that section, as discussed *supra*. Accordingly, the court finds Plaintiff is not entitled to an award of interest.

## IV. CONCLUSION

After careful consideration, the court **GRANTS** Defendants' Motion to Alter Judgment. (ECF No. 172.) The court's prior judgment shall be reduced by eighty-three thousand, three hundred and ten dollars, and fifty-one cents ($83,310.51). The court further alters its judgment by finding Plaintiff is not entitled to an award of attorneys' fees or interest.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 1, 2021
Columbia, South Carolina