# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Phillips and Jordan, Inc., ) | |
| ) | |
| ) | Civil Action No.: 5:18-cv-00559-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| McCarthy Improvement Company and ) | |
| Western Surety Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiff Phillips and Jordan, Inc.'s ("P&J") Motion for Attorneys' Fees. (ECF No. 169.) Defendants McCarthy Improvement Company ("MCI") and Western Surety Company ("WSC") (collectively, "Defendants") filed a Response in Opposition (ECF No. 176), to which Plaintiff entered a Reply (ECF No. 187). Also before the court is Defendants' Motion to Strike the Affidavit of William R. Warnock, Jr. (ECF No. 190.) Plaintiff filed a Response opposing the Motion to Strike. (ECF No. 191.) For the reasons below, the court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorneys' Fees (ECF No. 169), and **DENIES** Defendants' Motion to Strike (ECF No. 190).

## I. FACTUAL BACKGROUND[1]

This case arises from a contract dispute between Plaintiff and Defendants. MCI hired P&J as a subcontractor to perform work on a highway construction project in Orangeburg, South Carolina ("Project"). (ECF Nos. 1 at 2; 1-3 at 1.) MCI entered into a payment bond agreement

---

[1] Additional background on this matter is available in the court's prior Trial Order and Opinion. (ECF No. 167.)

1

with WSC, making Defendants jointly and severally liable for the Project's construction. (ECF No. 1-2 at 1-4.) After problems arose on the Project, P&J brought several claims related to a breach of contract against Defendants. (*See* ECF No. 1.)

In late 2019, the court conducted a several weeks-long bench trial that concluded on January 31, 2020. (ECF Nos. 132-133, 135-137, 141-142, 144-145, 149-153.) Ultimately, the court found in favor of Plaintiff on its claims for (1) Breach of Contract, (2) Violation of South Carolina's Prompt Pay Act, (3) Recovery of Attorneys' Fees and Interest for Improvement of Real Estate, and (4) Breach of Payment Bond against MCI, as well as (1) Recovery of Attorneys' Fees and Interest for Improvement of Real Estate and (2) Breach of Payment Bond against WSC. (ECF No. 167 at 61.) The court awarded a total of three million, three hundred forty-four thousand, one hundred seventy-four dollars, and sixty cents ($3,344,174.60) to Plaintiff in damages. (*Id.* at 61-62.) The court also ordered Plaintiff to "submit evidence in post-judgment motions as to the amount of attorneys' fees, costs, and interest requested" pursuant to the Joint Stipulation regarding Recovery of Attorneys' Fees and Interest for Improvement of Real Estate. (*Id.* at 62 (citing ECF No. 131 at 1-2).)

Thereafter, the parties filed several post-trial Motions. Defendants filed a Motion to Alter Judgment, claiming the court made several errors related to Plaintiff's damages award as well as Plaintiff's entitlement to attorneys' fees and interest. (ECF No. 172.) The court granted the Motion to Alter Judgment, reducing its prior judgment by eighty-three thousand, three hundred and ten dollars, and fifty-one cents ($83,310.51). (ECF No. 196.) The court further altered its judgment by finding Plaintiff was not entitled to an award of attorneys' fees or interest. (*Id.*)

Moreover, Plaintiff filed the instant Motion seeking attorneys' fees, costs, and interest. (ECF No. 172.) Defendants responded to the Motion (ECF No. 176), and Plaintiff filed a Reply

2

(ECF No. 187). In its Reply brief, Plaintiff filled the affidavit of William R. Warnock, Jr. to support its Motion for Attorneys' Fees. (ECF No. 187-1.) Defendants thereafter filed the Motion to Strike, arguing the affidavit was untimely (ECF No. 190), to which Plaintiff responded (ECF No. 191).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in [28 U.S.C.A. §§] 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019).

> As the Supreme Court of the United States has explained,
>
> [a]lthough "costs" has an everyday meaning synonymous with "expenses," the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant. Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts . . . . It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.

*Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citations omitted).

> Specifically, section 1920 includes the following categories for costs:
>
> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920 (West 2021); *see also* Local Civil Rule 54.03 D.S.C.; *Barker v. Washington Nat. Ins. Co.*, No. 9:12-CV-1901-PMD, 2013 WL 2297058, at *1 (D.S.C. May 24, 2013). Section 1821 relatedly outlines certain mileage and subsistence allowances for witnesses attending trial and their own depositions. 28 U.S.C.A. § 1821 (West 2021).

The party seeking costs "shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C.A. § 1924 (West 2021). "The prevailing party bears the burden of showing that the requested costs are allowed . . . . Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." *Barker*, 2013 WL 2297058, at *1 (internal citation omitted).

The court retains discretion to award costs under Rule 54(d). *Barker*, 2013 WL 2297058, at *1 ("[T]o overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so.") (citations omitted). Factors relevant to determine whether to award costs include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Jeter v. Allstate Ins. Co.*, No. 7:15-CV-1458-TMC, 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017).

### III. ANALYSIS

The court previously found Plaintiff was not entitled to attorneys' fees and interest. (*See* ECF No. 196.) Thus, the sole issue remaining in the Motion for Attorneys' Fees is whether Plaintiff is entitled to litigation expenses or costs and, if so, in what amount. Plaintiff cites to two authorities

in the instant Motion to support its request. First, Plaintiff looks to Rule 54(d), which provides that "costs—other than attorney's fees—should be allowed to the prevailing party." (*See* ECF No. 169 at 19.) Second, and citing to this court's precedent, P&J contends "[i]t is well-established that plaintiffs who are deemed entitled to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award." (*Id.* (citing *Glidewell v. City of Greenville, S.C.*, No. 6:09-CV-01932, 2012 WL 951777, at *7 (D.S.C. Mar. 20, 2012)).)

Defendants counter that Plaintiff is not entitled to litigation expenses or costs. Defendants stress that Plaintiff has not shown its costs were taxable under Rule 54(d) by, *inter alia*, failing to provide proper verification. (ECF No. 176 at 26-32.) Further, Defendants correctly point out that *Glidewell* dealt with an award under 42 U.S.C. § 1988 (West 2021), which is a statute not implicated in the instant case.[2] Defendants claim there is no other authority under which Plaintiff can recover the broad categories of litigation expenses it seeks. (ECF No. 176 at 24-26.) The court begins by examining whether to strike the affidavit of Mr. Warnock, and then turns to the request for costs.

### A. Motion to Strike

Defendants seek to strike Mr. Warnock's affidavit because, rather than being included in support of Plaintiff's Motion for Attorneys' Fees, the affidavit was filed for the first time as an attachment to Plaintiff's Reply brief. (*See* ECF No. 187-1.) It is true "[t]he ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734-35 (D. Md.

---

[2] The United States Court of Appeals for the Fourth Circuit has concluded "a prevailing plaintiff is entitled to compensation for reasonable litigation expenses under [section] 1988." *Daly v. Hill*, 790 F.2d 1071, 1083 (4th Cir. 1986); *Courthouse News Serv. v. Schaefer*, No. 2:18-CV-391, 2020 WL 6018898, at *5 (E.D. Va. Sept. 4, 2020).

2006) (citing *United States v. Williams,* 445 F.3d 724, 736 n.6 (4th Cir.2006)); *see also Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20-CV-0457, 2020 WL 4288103, at *5 (M.D.N.C. July 27, 2020) ("In other words, affidavits may accompany a reply brief if they support the reply rather than the original motion. Reply affidavits should not present new issues to which the opposing party will not have an opportunity to respond.").

Yet "courts are not precluded from considering such issues in appropriate circumstances." *Clawson*, 451 F. Supp. 2d at 734-35 (citations omitted). "The concern that the ordinary rule addresses is 'that [an] opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond.'" *Id.* (citing *United States v. Head,* 340 F.3d 628, 630 n. 4 (8th Cir.2003)).

Here, the court declines to strike Mr. Warnock's affidavit. Rather than being "prejudiced . . . without an opportunity . . . to respond," Defendants filed an additional Motion seeking to strike the affidavit. *Clawson*, 451 F. Supp. 2d at 734-35 (citations omitted). Any prejudicial concerns are therefore lessened because Defendants afforded themselves the opportunity to respond. The court accordingly denies Defendants' Motion to Strike. (ECF No. 190.)

**B. Costs**

Next, the court finds Plaintiff is entitled to certain costs under Rule 54(d) but is not otherwise entitled to litigation expenses. The only potential source Plaintiff cites to support its broad claim for litigation expenses comes from *Glidewell v. City of Greenville, S.C.*, which, as discussed above, dealt with a federal statute that the Fourth Circuit interpreted as authorizing litigation expenses. 2012 WL 951777, at *7; *see Daly*, 790 F.2d at 1083. Plaintiff has not pointed to any statute that would otherwise enable it to recover litigation expenses or costs beyond Rule

54(d).³ Thus, the narrow category of expenses available through Rule 54(d) are the only means by which Plaintiff may recover costs.⁴

Plaintiff's allowable costs under Rule 54(d) amount to significantly less than it seeks.⁵ For instance, Plaintiff is not entitled to the fees of expert witnesses as part of its costs under Rule 54(d). *See Rimini St.*, 139 S. Ct. at 878; *McRae v. Town of Hope Mills*, No. 5:16-CV-88-FL, 2020 WL 896486, at *3 (E.D.N.C. Feb. 24, 2020). However, section 1821 authorizes a reimbursable witness fee of $40.00 per day, as well as other allowances, connected to trial or deposition attendance. *See* 28 U.S.C.A. § 1821 (West 2021). The court finds the cost of $1,119.26 related to all witnesses is authorized. *See McRae*, 2020 WL 896486, at *3 (finding no allowable expenses for expert witnesses other than the $40.00 per witness authorized by statute); *Peterson v. Midgette*, No. 2:12-CV-60-D, 2015 WL 7681257 at *4 (E.D.N.C. Nov. 25, 2015) (similar).

Further, Plaintiff is only eligible for copying costs that "are necessarily obtained for use in the case." *Kelley v. Int'l Bhd. of Teamsters, Local Union 71*, No. 4:11-CV-1268-RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) ("The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." (citation omitted)). "The

---

³ The statute under which Plaintiff sought attorneys' fees does not appear to authorize litigation expenses or costs. *See* S.C. Code Ann. § 27-1-15 (West 2021). Even assuming this statute did allow costs, the court previously found Plaintiff was not entitled to attorneys' fees under section 27-1-15. (*See* ECF No. 196.) It thus follows that Plaintiff would be barred from any allowable costs under that statute.

⁴ Further, the court is not persuaded by Defendants' contention that Plaintiff's failure to use Federal Form AO133 is fatal to Plaintiff's bill of costs. *See Crotty v. Windjammer Vill. of Little River, S.C., Prop. Owners' Ass'n, Inc.*, No. 4:15-CV-04042-RBH, 2019 WL 1900683, at *3 (D.S.C. Apr. 29, 2019) ("[D]espite the fact that Windjammer did not use Form AO133 or file a document entitled a bill of costs detailing its taxable costs, this Court will consider the substance of Windjammer Village's request for costs under Rule 54(d)(1).").

⁵ As noted above, "[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in [sections] 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St.*, 139 S. Ct. at 878.

7

Fourth Circuit has explained that [section] 1920(4) encompasses both discovery-related costs and materials attached to dispositive motions or produced at trial." *Staudner v. Robinson Aviation, Inc.*, No. 4:15-CV-98-BO, 2020 WL 1492805, at *3 (E.D.N.C. Mar. 26, 2020) (citing *Country Vintner of North Carolina, LLC v. E&J Gallo Winery, Inc.*, 718 F.3d 249, 257-58 (4th Cir. 2013)). "Copies obtained merely for the convenience of plaintiff's counsel, however, ordinarily are not allowed." *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002).

At best, Plaintiff's proof of costs reflects two instances of copying for trial, while other entries divulge only general categories such as "Copies" or "in-office printing/photocopies," or unrevealing details such as "Color Copy; Cl, 1 Page(s)."[6] (*See* ECF Nos. 169-5 at 4; 169-7 at 3.) These broad descriptions do not provide the court sufficient information to determine whether such costs were allowable under section 1920. *See Evans v. TWC Admin., LLC*, No. 5:15-CV-675-FL, 2018 WL 3352643, at *2 (E.D.N.C. July 9, 2018) (explaining the prevailing party "failed to provide any itemized explanation for the copy costs" and thus was not entitled to such costs); *Perry v. Pamlico Cty.*, No. 4:13-CV-107-D, 2015 WL 6393252, at *2 (E.D.N.C. Oct. 19, 2015) ("[D]efendants submitted a tabulation of the number of the claimed copies. Defendants do not state, however, what documents were copied, nor the purpose of the copies. Without this information, the undersigned is unable to discern whether the copies were necessarily obtained for use in this case."); *Manion v. Nitelines Kuhuna JV, LLC*, No. 7:12-CV-247-BO, 2015 WL 902479, at *2 (E.D.N.C. Mar. 3, 2015) (similar). The court thus awards $999.55 in copying costs completed for trial.

---

[6] Plaintiff offers by affidavit that all of its costs "were reasonably and necessarily [incurred] by P&J in this case[.]" (ECF Nos. 169-1 at 6; 169-3 at 4; 187-1 at 4.)

Similarly, the Fourth Circuit has opined that eDiscovery costs under section 1920 are recoverable only when such costs stem from "making copies . . . necessarily obtained for use in the case." *See Country Vintner*, 718 F.3d at 258, 261-62 (citing 28 U.S.C. § 1920(4)). Specifically, "only the conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs, constitute[] 'making copies' under [section] 1920(4)." *Id.* at 261. By contrast, "actions such as 'flattening,' 'indexing,' data extraction, hosting, Bates Stamping . . . 'Active Hosting,' 'Processing for Review,' 'User Access,' and 'Data Filtering'" are not taxable costs under Section 1920 because they "are clearly excluded from the realm of copying and exemplification[.] *United States ex rel. Oberg v. Nelnet, Inc.*, No. 1:07-CV-960, 2019 WL 3084250, at *2 (E.D. Va. July 15, 2019) (citations omitted); *see Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 1:13-CV-0740-AJT-TCB, 2015 WL 7283108, at *9 (E.D. Va. Nov. 17, 2015) ("[C]osts associated with . . . generating OCR to create searchable text may not be awarded" under section 1920); *Exclaim Mktg., LLC v. DIRECTV, Inc.*, No. 5:11-CV-684-FL, 2016 WL 1258776, at *3 (E.D.N.C. Mar. 28, 2016) (compiling cases).

Plaintiff is entitled to eDiscovery costs incurred for "Native Production/Export" in the amount of $578.26, "PDF Conversion" totaling $63.19, and "Subset TIFF Conversion" amounting to $7,306.79. (ECF No. 169-5 at 7-26.) These categories of eDiscovery costs appear to fall within the Fourth Circuit's definition of "making copies." *Country Vintner*, 718 F.3d at 258, 261-62 (citation omitted). Further, Plaintiff has stated such costs were necessary to the litigation. (*See* ECF Nos. 169-1 at 6; 169-3 at 4.) Thus, the sum of Plaintiff's allowable eDiscovery costs totals $7,948.24.

However, Plaintiff's remaining eDiscovery costs are not taxable under section 1920, as they reflect costs outside of "the realm of copying and exemplification[.]"*Oberg*, 2019 WL

9

3084250, at *2. Such costs include those associated with "Case Management," "Data Extraction (GB) Ingestion," "Data Extraction (GB) Resulting-Set," "OCR Conversion," "Monthly User Fee," "Loading Fee," "Technical Services," "Monthly Storage Fee," "Optional ECA\Search repository," "Data Ingestion - IN," "Data Ingestion - OUT," "Monthly User Fee Sales Tax," and "Long-term Processed Data Repository." (ECF No. 169-5 at 7-26.) Plaintiff is therefore not entitled to these eDiscovery costs under Rule 54(d).

The court briefly examines the remaining bundles of costs subject to dispute. Costs concerning "Delivery Fees/Postage," "FedEx Charge," "Other Miscellaneous," "FOIA Request Fee," "Meeting Meal[s]," "Telephone Charges," "Research," "Travel," and "Trial Support – Insight Discovery" are not expressly listed as allowable expenses under sections 1920 and 1821. *See* 28 U.S.C.A § 1920 (West 2021); 28 U.S.C.A. § 1821 (West 2021); *see also Bigleman v. Kennametal Inc.*, No. 3:18-CV-00276-JMC, 2019 WL 6524647, at *3 (D.S.C. Dec. 4, 2019) (lawyers' travel for depositions was not an allowable expense for the purposes of Rule 54(d)); *Miche Bag, LLC v. Ayers*, No. C/A 4-09-3261-TLW, 2010 WL 5141662, at *5 (D.S.C. Sept. 22, 2010), *report and recommendation adopted*, No. 4:09-CV-03261, 2010 WL 5139840 (D.S.C. Dec. 8, 2010) ("Attorney travel expenses are not typically recoverable[.]"); *Mary Kay Inc. v. Ayres*, 827 F. Supp. 2d 584, 594 (D.S.C. 2011) (finding "postage" and "telephone calls" were not allowable under section 1920); *Alexander Mfg., Inc. Employee Stock Ownership & Tr. v. Illinois Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176 (D. Or. 2010) (noting "computerized legal research" was not allowable under section 1920). Plaintiff consequently may not recover these costs.

By contrast, the following costs are allowable under Rule 54(d): "Service of Process" charges, "Court Reporting Services," and a portion of the "Court Filing Fee" charge.[7] And

---

[7] Defendants do not object to these costs.

although there is a split among the Circuits and within the courts of this district as to whether *pro hac vice* fees are taxable costs under section 1920, the court finds such costs are taxable because, in the court's view, they amount to fees of the Clerk.[8] *Compare Oberg*, 2019 WL 3084250, at *1 (E.D. Va. July 15, 2019) (finding *pro hac vice* fees taxable), *with Schmitz-Werke GmbH %8f Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734, 735 (D. Md. 2003) (concluding "[t]he *pro hac vice* fee is an expense of counsel, not the client, and is thus not recoverable"). The costs outlined in this paragraph amount to $26,586.35.

At bottom, $36,653.40 in total costs are allowable pursuant to Rule 54(d). Plaintiff is not otherwise entitled to a broader category of litigation expenses outside of those costs specifically authorized by Rule 54(d).

## IV. CONCLUSION

After careful consideration, the court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorneys' Fees. (ECF No. 169.) Plaintiff is entitled to a total of thirty-six thousand, six hundred and fifty-three dollars, and forty cents ($36,653.40) in costs.[9] The court **DENIES** Defendants' Motion to Strike (ECF No. 190.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 3, 2021
Columbia, South Carolina

---

[8] Plaintiff seeks reimbursement for *pro hac vice* fees. (*See* ECF Nos. 14, 15 (reflecting a filing date of June 12, 2017, with $500 in total *pro hac vice* fees); 169-2 at 45 (showing $500 in court filing fees); 169-7 at 2 (similar). *See also* 169-5 at 5 (denoting $157 in costs for filing certificates of good standing).)

[9] As noted above, the court previously found Plaintiff was not entitled to attorneys' fees or interest. (*See* ECF No. 196.)